This is an application by the receiver of defendant for an order that two judgment creditors of defendant be directed to pay over to the receiver certain moneys received by the judgment creditors in satisfaction of the judgments. The circumstances are as follows: The two creditors obtained their judgments in March, 1932. The judgments were docketed on April 2d and 8th, respectively. Executions were issued thereon and on April 30th, levies were made upon the rents owing to the defendant from the tenants of an apartment house constituting the sole asset of defendant. These rents so levied upon constituted the rents for the month of May, 1932, which were greater in amount than the judgments.
On the 29th day of April, namely, the day before the levies were made, complainant had filed his bill against defendant *Page 460 
corporation alleging insolvency and on this bill, ultimately, on July 5th, insolvency being conceded, George H. Rice was appointed receiver of defendant. On May 3d, five days after the filing of the bill and four days after the levy, the holder of the first mortgage on the premises filed a bill to foreclose its mortgage then in default, and on the same day Percy DeVoe was appointed receiver in foreclosure of the premises. At the same time an order was signed restraining the tenants paying rent which was subsequently modified to permit the collection of rents for the month of May, 1932, by the receiver in foreclosure to be held by him pending determination by the court of who should be entitled to it.
On July 6th, 1932, an order was entered directing the receiver in foreclosure to pay to the judgment creditors the amount thereof out of the rents collected for the month of May. The receiver of the corporation now asks that the judgment creditors be directed to pay to him the amount paid on the judgments.
Under the present General Corporation act, chapter 208, laws of 1919, section 86-k (Cum. Supp. Comp. Stat. 1911-1924 p. 680 §§47-86-k and 86-l) provides:
"All levies, judgments, attachments or other liens obtained through legal proceedings against a corporation, if at any time such levy, judgment, attachment or other lien was obtained the said corporation be insolvent, at any time within four months prior to the filing of the bill or petition against it for the appointment of a receiver, under the provisions of the act to which this act is a supplement, shall be deemed null and void in case a receiver shall be appointed by the court, c."
The statute further provides after the filing of a bill for the appointment of a receiver if, as a result of such proceedings a receiver be appointed, all attempted levies, judgments, attachments or other liens by virtue of legal proceedings shall be null and void as against the receiver.
The application of these statutes requires that the judgment creditors be directed to turn over to the receiver of the corporation the sums received by them from the foreclosure *Page 461 
receiver. The bill for the appointment of a receiver was filed April 29th, less than two months after the entry of judgment and actually before the levy on execution thereunder. This bill had resulted in the appointment of a receiver of the corporation before the entry of the order for the payment by the foreclosure receiver to the judgment creditor. The order directing payment was made without any notice to the receiver of the corporation and without the directing of the attention of the court to the fact that the receiver had been appointed the previous day.
The relief prayed for in the order to show cause will be granted.